UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ALEX L. MARTYNOVICH a.k.a.
ALEXANDER L. MARTYNOVICH and
LEONARD L. MARTYNOVICH a.k.a.
LEONID L. MARTYNOVICH,

      Plaintiffs,

  v.

GMAC MORTGAGE, LLC; RESIDENTIAL
FINANCE OF AMERICA; ETS
SERVICES, LLC; BSM FINANCIAL,
LP; and DOES 1-50 inclusive,

      Defendants.

NO. 2:09-cv-2987 FCD KJM

ORDER

----oo0oo----

This matter is before the court on defendants GMAC Mortgage, LLC and ETS Services, LLC's ("defendants") motion to dismiss plaintiffs' First Amended Complaint.  Plaintiffs had originally filed their complaint in the Superior Court of the State of California for the County of Sacramento, and defendants filed a Notice of Removal under 28 U.S.C. §§ 1441 based on federal question jurisdiction.

/////

1    Jurisdiction is a threshold inquiry before the adjudication
2 of any case before the court.  See Morongo Band of Mission
3 Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380
4 (9th Cir. 1988).  Without jurisdiction, this court cannot
5 adjudicate the merits of this case or order any relief.  See id.
6 ("If the district court had no jurisdiction over the subject
7 matter, the action should have been dismissed, regardless of the
8 parties' preference for an adjudication in federal court.").
9    Plaintiffs' original complaint alleged causes of action for
10 quiet title, violation of California Civil Code § 1632, fraud,
11 unfair debt collection, unfair business practices, breach of
12 fiduciary duty, breach of contract, breach of the covenant of
13 good faith and fair dealing, violation of 15 U.S.C. § 1639(h),
14 and injunctive relief.  Defendant removed the case, asserting
15 that plaintiffs also asserted violations of federal statutes,
16 including, *inter alia*, the Fair Debt Collections Act, 15 U.S.C. §
17 1692 *et seq.*, the Real Estate Settlement Procedures Act
18 ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and 15 U.S.C. § 1639(h).
19    However, plaintiffs filed an amended complaint on December
20 31, 2009, which is devoid of any federal claims.  Specifically,
21 plaintiff's First Amended Complaint alleges causes of action for
22 breach of the covenant of good faith and fair dealing, deceit,
23 violation of California Business & Professions Code § 17200 et
24 seq., promissory estoppel, fraud by intentional
25 misrepresentation, fraud by concealment, slander of title, quiet
26 title, violation od the California Rosenthal Act, civil
27 /////
28

2

conspiracy, breach of fiduciary duty, and declaratory and injunctive relief.

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims. See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc). The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity." Id. at 1001 (citations omitted). Further, primary responsibility for developing and applying state law rests with the state courts. Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.") (quoting Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)). In accordance with 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims.[1]

---

[1] While plaintiffs' First Amended Complaint references the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and RESPA, such reference is insufficient to confer federal jurisdiction. Federal jurisdiction may lie if "it appears that some substantial disputed question of federal law is a necessary element of one of the well-pleaded state claims." Rains v. Criterion Sys., Inc., 80 F.3d 339, 345 (9th Cir. 1996) (quoting Franchise Tax Bd. of California v. Construction Laborers Vacation Trust for Southern
(continued...)

3

Accordingly, plaintiffs' complaint is REMANDED to the Superior Court of the State of California for the County of Sacramento.

IT IS SO ORDERED.

DATED: March 29, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[1](...continued)
California, 463 U.S. 1, 13 (1983).  However, "[w]hen a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim."  Id. (holding that the plaintiff's wrongful discharge claim did not give rise to federal question jurisdiction because it could be supported by violations of the state law constitution, not only violations of a federal statute); Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (holding that California unfair competition law claims did not give rise to federal question jurisdiction because such claims are based on unfair or fraudulent conduct generally, and not necessarily violations of federal rules and regulations); Mulcahey v. Columbia Organic Chemicals, 29 F.3d 148. 153 (4th Cir. 1994).  In this case, none of plaintiffs' claims rely solely on violations of federal law.

4